IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **DOREEN HENRY**<br>**179 Ian Street, Cleaver Road**<br>**Arima, Trinidad and Tobago, West Indies** | *<br><br>* |
| *Plaintiff*, | * |
| v. | * |
| **TERRANCE HALL**<br>**7621 Wilhelm Avenue**<br>**Baltimore, MD 21237** | *<br><br>*   **CIVIL NO.: 1:23-cv-1285** |
| and | * |
| **LISA HALL**<br>**7621 Wilhelm Avenue**<br>**Baltimore, MD 21237** | *<br><br>* |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Doreen Henry ("Plaintiff" or "Ms. Henry"), by and through her undersigned counsel, Jonathan P. Kagan, Veronica J. Mina, and Kagan Stern Marinello & Beard, LLC, hereby files this Complaint against Defendants Terrance Hall ("Mr. Hall") and Lisa Hall ("Mrs. Hall") (collectively, "Defendants"). In support, Plaintiff states as follows:

## THE PARTIES

1. Plaintiff Ms. Henry is a citizen of Trinidad and Tobago who resides in Arima, Trinidad and Tobago.

2. Defendant Mr. Hall is a citizen of Maryland who resides in Baltimore County, Maryland.

3. Defendant Mrs. Hall is the wife of Mr. Hall and is a citizen of Maryland who resides in Baltimore County, Maryland.

## JURISDICTION AND VENUE

4. At all times relevant herein, the facts and circumstances complained of herein all occurred in Baltimore City, Maryland.

5. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendants Mr. Hall and Mrs. Hall are residents of Baltimore County, Maryland.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Baltimore City, Maryland.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On or about November 21, 2019, Elvira Hall ("Elvira" or "Decedent"), died in Baltimore and she was survived by three children: (1) Plaintiff Ms. Henry; (2) Roger Kerr ("Mr. Kerr"); and (3) Defendant Mr. Hall.  Ms. Henry, Mr. Kerr, and Mr. Hall all had different fathers. Decedent was never married and did not have a surviving husband at the time of her death. Decedent died without a will.  Plaintiff and Mr. Kerr reside in Trinidad and Tobago while Defendant Mr. Hall resides in Baltimore County, Maryland with his wife, Defendant Mrs. Hall.

8. On or about December 13, 2019, Mr. Hall, with the assistance of Mrs. Hall, filed a Regular Estate Petition for Administration of Elvira's Estate ("Estate Petition") through the Register of Wills and Orphans' Court for Baltimore City, Maryland (hereinafter, "Orphans'

Court") (Estate No. 193894). Mr. Hall reported that Decedent died without a will and requested he be appointed personal representative of his mother's Estate.

9. Despite obviously knowing of his own two siblings (Plaintiff and Mr. Kerr), both of whom were direct lineal descendants of Elvira, Mr. Hall (and his wife Mrs. Hall) intentionally concealed this material fact from the Orphans' Court and, instead, fraudulently stated that he was entitled to the priority of appointment as personal representative of Elvira's Estate because he was the "son and only heir" of Elvira. *See* Exhibit 1 (Estate Petition filed December 13, 2019). Mr. Hall and Mrs. Hall intentionally omitted from the Estate Petition that Decedent had another daughter (Plaintiff) and another son (Mr. Kerr), and did not list them as Interested Parties who would receive all notices and filings in the Estate.

10. In the First and Final Administration Account of Terrance P. Hall, Personal Representative for the Estate of Elvira Hall ("First and Final Administration Account"), Mr. Hall (and his wife Mrs. Hall) fraudulently concealed that Elvira had two additional surviving heirs who were interested parties to the Estate Petition "under the penalties of perjury that the contents of the foregoing document are true and correct to the best of my knowledge, information and belief." *See* Exhibit 2 (First and Final Administration Account of Terrance P. Hall filed August 14, 2020).

11. Despite alleging in the First and Final Administration Account under the penalties of perjury that "notice ha[d] been given to all interested parties," Mr. Hall and Mrs. Hall gave no such notice of the Estate Petition to Plaintiff or to Mr. Kerr since he never listed them as interested parties as he was required to do. *See* Ex. 2.

12. Instead, Mr. Hall communicated with Plaintiff and Mr. Kerr on several occasions after he and Mrs. Hall had filed the Estate Petition in the Orphans' Court, and intentionally

3

concealed from them the filing of the Estate Petition and his efforts to inherit the entire Estate of Elvira.

13. In furtherance of Defendants' fraudulent conduct, Defendant Mr. Hall falsely communicated to Plaintiff and Plaintiff's immediate family that "Elvira died penniless."

14. Upon information and belief, the Estate Petition filed with the Orphans' Court was completed and signed by Mrs. Hall, although the documents reflect the name of "Terrance P. Hall." Mrs. Hall also assisted Mr. Hall in completing the Estate Petition by including her phone number and contact information within the Estate Petition.

15. At the time of Elvira's death, the total estate to be accounted for was valued at $170,225.83, as reported by Mr. Hall and Mrs. Hall.

16. On or about September 8, 2020, the entire sum of $170,225.83 was distributed to Terrance P. Hall following the Orphans Court's approval of the First and Final Administration Account, which listed Mr. Hall as Elvira's "son and sole heir." *See* Exhibit 3 (Order of Court Approving First and Final Administration Account dated September 8, 2020).[1]

17. After the Estate Petition was approved, Mr. Hall remained in contact with his siblings, Plaintiff and Mr. Kerr, and he continued to intentionally conceal from them that he and Mrs. Hall had filed the Estate Petition in the Orphans' Court and, further, intentionally concealed from them that he had been distributed the entire Estate of Elvira in the sum of $170,225.83 as her "son and sole heir."

---

[1] Pursuant to Maryland Estates & Trusts Article 3-103, if Decedent died without a will and no surviving husband, the assets of the estate are to be divided equally amongst all of Decedent's lineal descendants (surviving children). MD. CODE ANN., EST. & TRUSTS § 3-103.

18. During the time when Mr. Hall filed the Estate Petition, and immediately after its approval, Defendants Mr. and Mrs. Hall resided at 7908 Wallace Road, Baltimore, Maryland 21222 in Baltimore County, Maryland ("7908 Wallace Road").

19. Thereafter, on or about March 6, 2023, Mr. and Mrs. Hall sold the 7908 Wallace Road property for approximately $199,099.00. *See* Exhibit 4 (7908 Wallace Road Deed).

20. The next day, on or about March 7, 2023, Mr. and Mrs. Hall purchased the real property located at 7621 Wilhelm Avenue, Baltimore, Maryland 21237 as tenants by the entirety for approximately $350,000.00 ("7621 Wilhelm Ave."). *See* Exhibit 5 (7621 Wilhelm Ave. Deed). Upon information and belief, Mr. and Mrs. Hall used all or substantially all of the funds received as a distribution from Elvira's Estate towards the purchase of the 7621 Wilhelm Avenue property.

21. In or about April 2023, Plaintiff discovered that Defendants Mr. and Mrs. Hall had fraudulently filed the Estate Petition for Probate of Elvira Hall by naming himself as Elvira's "son and only heir" and intentionally concealing the existence of Plaintiff and Mr. Kerr as additional heirs of Elvira.

22. Upon discovering Defendants' fraudulent conduct, Plaintiff confronted Defendants, both of whom refused to re-open and amend the Estate Petition of Elvira. Instead, Defendant Mr. Hall acknowledged receipt of the entire Estate of Elvira, and admitted that he and Defendant Mrs. Hall intentionally omitted Plaintiff and Mr. Kerr from the Estate Petition.

23. Defendants have refused to reopen the estate and properly distribute the funds due and owing to Plaintiff and Mr. Kerr as direct heirs of Elvira.

24. To date, Plaintiff has not received any funds or distribution from the Estate of Elvira.

25. As a result of Defendants' fraudulent conduct and concealment, and Defendant Mrs. Hall's conspiracy to aid her husband, Mr. Hall, in such fraudulent conduct, Plaintiff has been harmed and seeks monetary relief, including compensatory and punitive damages, interest, reasonable attorneys' fees and costs.

**COUNT I**
**FRAUD**
(Against All Defendants)

26. Plaintiff incorporates and adopts all preceding Paragraphs as if fully set forth herein.

27. Defendants falsely filed the Estate Petition and opened the Estate of Elvira claiming that Mr. Hall was the "son and only heir" of Elvira and failed to identify Plaintiff and Mr. Kerr as interested parties.

28. Defendants falsely communicated to Plaintiff and Plaintiff's immediate family that "Elvira died penniless" and failed to disclose to Plaintiff that they had filed an Estate Petition for Elvira.

29. Defendants failed to disclose to Plaintiff that the filed Estate Petition falsely listed Mr. Hall as Elvira's "son and only heir."

30. Defendants failed to disclose to Plaintiff that Defendant Mr. Hall had received $170,225.83 as a distribution from the Estate of Elvira.

31. Defendants' failure to disclose the Estate Petition and its contents along with Elvira's true assets constituted a false representation to Plaintiff and a failure to disclose material facts.

32. The falsity was either known to Defendants, or the misrepresentation was made with such a reckless indifference to the truth such that Defendants had actual knowledge of its falsity.

33. The representations and concealment by Defendants regarding the Estate of Elvira, were false, inaccurate, and/or misleading and concealed the true and accurate material facts from the Orphans' Court and from Plaintiff.

34. The foregoing concealment and omission constituted a failure by Defendant Mr. Hall to disclose material facts, which he had a duty to disclose, truthfully and accurately.

35. The foregoing misrepresentations and concealment were made by Defendants for the purpose of defrauding the Estate of Elvira and Plaintiff by inducing the Orphans' Court to distribute the entire Estate of Elvira to Defendant Mr. Hall and precluding Plaintiff from protecting and exercising her rights and interests as a surviving heir to Elvira.

36. Defendants made the foregoing misrepresentations and concealment intentionally, knowingly, willfully, and deliberately in order to induce the Orphans' Court to distribute the entire Estate of Elvira to Defendant Mr. Hall and preclude Plaintiff from protecting and exercising her rights and interests as a surviving heir to Elvira.

37. The foregoing misrepresentations and concealment were done with the intent to mislead the Orphans' Court and Plaintiff.

38. The foregoing misrepresentations and concealment by Defendants were material to the Orphans' Court's distribution of the Estate of Elvira to Mr. Hall and to the lack of any efforts by Plaintiff to protect and exercise her rights and interests as a surviving heir to Elvira.

39. The Orphans' Court and Plaintiff reasonably and justifiably relied on Defendants' misrepresentations, conduct, and concealment, resulting in the distribution of the entire Estate of Elvira to Defendant Mr. Hall.

40. Defendants knew that the Orphans' Court and Plaintiff would rely, and were relying, on the representations, conduct, and concealment as they claimed Mr. Hall to be the only heir of Elvira under the penalties of perjury.

41. As a result of Defendants' misrepresentations and fraudulent concealment, Plaintiff has suffered, and will continue to suffer, damages.

42. Defendants' misrepresentations and fraudulent concealment were unlawful, intentional, made with malice, and intended to cause damage and loss to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor against Defendants Mr. and Mrs. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

## COUNT II
## CONSTRUCTIVE TRUST
(Against All Defendants)

43. Plaintiff incorporates and adopts all preceding Paragraphs as if fully set forth herein.

44. "Constructive trust is a remedy employed by a court of equity to convert the holder of legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property." *Wimmer v. Wimmer*, 287 Md. 663, 668 (1980). The remedy of constructive trust applies where property has been "acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title

to retain it.  Ordinarily, such factors must be shown by clear and convincing evidence." *Porter v. Zuromski*, 195 Md. App. 361, 368-69 (2010).

45. On or about September 8, 2020, Defendant Mr. Hall received $170,225.83 as a distribution from the Estate of Elvira.

46. On or about March 7, 2023, upon information and belief, Defendants used all or substantially all of the funds received as a distribution to Mr. Hall from Elvira's Estate towards the purchase of the 7621 Wilhelm Ave. property.

47. Defendants acquired the 7621 Wilhelm Ave. property through an improper method by using the funds fraudulently received from the Estate of Elvira to purchase the property.

48. As a result of Defendants' misrepresentations, fraudulent concealment, and conduct, Plaintiff has suffered, and will continue to suffer, actual and proximate damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor against Defendants, impose a constructive trust on all property transferred to or purchased by Defendants Mr. Hall or Mrs. Hall through or with the use of funds from the Estate of Elvira, trace all property from the Estate of Elvira wrongfully disposed of and recover the property from Defendants, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY
(Against Defendant Terrance Hall)

49. Plaintiff incorporates and adopts all preceding Paragraphs as if fully set forth herein.

50. On or about December 13, 2019, Defendant Mr. Hall was appointed as Personal Representative of the Estate of Elvira.

51. In his capacity as Personal Representative, Mr. Hall owed fiduciary duties to the Estate of Elvira and to Plaintiff, as a surviving heir and beneficiary thereof, including, but not limited to, notifying her of the filing of the Estate Petition and properly protecting and distributing Plaintiff's share of the Estate to her.

52. Defendant Mr. Hall breached his fiduciary duties to Plaintiff by acting for his own personal gain when he concealed from Plaintiff the filing of the Estate Petition, the distribution he received from the Estate, his purchase of the 7621 Wilhelm Ave. property using the distribution he fraudulently received from the Estate, and falsely representing to Plaintiff that "Elvira died penniless."

53. Defendant Mr. Hall further breached his fiduciary duty by claiming his entitlement to the entire distribution from the Estate of Elvira and explaining to Plaintiff that she was not entitled to any distribution because she lived in Trinidad and Tobago.

54. As a direct and proximate result of Defendant Mr. Hall's breaches of his fiduciary duties, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor against Defendants Mr. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

**COUNT IV**
**CIVIL CONSPIRACY**
(Against All Defendants)

55. Plaintiff incorporates and adopts all preceding Paragraphs as if fully set forth herein.

56. Defendants conspired to fraudulently complete and execute the Estate Petition of Elvira to the Orphans' Court so that all funds and property from the Estate of Elvira were distributed to Defendant Mr. Hall.

57. In support of this conspiracy, upon information and belief, the Estate Petition filed with the Orphans' Court was completed and signed by Mrs. Hall, although said documents reflect the name of "Terrance P. Hall."  Mrs. Hall also assisted Mr. Hall in completing the Estate Petition by including her phone number and contact information within the Estate Petition.

58. Defendant Mrs. Hall had full knowledge of Mr. Hall's fraudulent conduct by explaining to Plaintiff's immediate family in or about April 2023 that the Orphans' Court had given her and Mr. Hall certain instructions when completing the Estate Petition of Elvira.

59. Defendants have benefited economically and will continue to benefit economically as a result of their fraudulent conduct.

60. Defendants have planned, schemed, and otherwise conspired to deceive Plaintiff and her brother, Mr. Kerr, regarding the Estate of Elvira and, in turn, to commit fraud on the Orphans' Court, the Estate of Elvira, and Plaintiff.

61. As a result of Defendants Mr. and Mrs. Hall's civil conspiracy, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor against Defendants Mr. and Mrs. Hall, award damages in excess of $75,000.00,

11

punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

## COUNT V
## AIDING AND ABETTING
(Against Defendant Lisa Hall)

62. Plaintiff incorporates and adopts all preceding Paragraphs as if fully set forth herein.

63. Upon information and belief, Defendant Mrs. Hall facilitated, encouraged, provided support, and otherwise aided and abetted Defendant Mr. Hall's fraudulent conduct before the Orphans' Court, the Estate of Elvira, and Plaintiff by completing and signing the Estate Petition and including her phone number and contact information within the Estate Petition.

64. As a result of Defendant Mrs. Hall's conduct in aiding and abetting Defendant Mr. Hall's fraudulent conduct, Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in Plaintiff's favor against Defendant Mrs. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

Dated: May 16, 2023               Respectfully submitted,

                                   */s/ Jonathan P. Kagan*
                                   Jonathan P. Kagan
                                   (D. Md. Bar No. 23181)
                                   kagan@kaganstern.com

                                   */s/ Veronica J. Mina*
                                   Veronica J. Mina
                                   (D. Md. Bar No. 30472)
                                   mina@kaganstern.com

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone: (410) 216-7900
Facsimile: (410) 705-0836

*Counsel for Plaintiff*
*Doreen Henry*