LAW OFFICES
KAGAN STERN MARINELLO & BEARD, LLC
238 WEST STREET
ANNAPOLIS MARYLAND 21401
Telephone (410) 216-7900
Facsimile (410) 705-0836

JONATHAN P. KAGAN

KAGAN@KAGANSTERN.COM
WWW.KAGANSTERN.COM

October 23, 2023

The Honorable Ellen L. Hollander
United States District Court for the
District of Maryland (Northern Division)
101 West Lombard Street – Chambers 3C
Baltimore, MD 21201

**RE: *Doreen Henry v. Terrance Hall, et al.*, Civil Case No. 1:23-cv-01285-ELH, Plaintiff's Letter Regarding Planned Motion for Summary Judgment**

Dear Judge Hollander:

On May 16, 2023, Plaintiff initiated this case by filing a Complaint in the United States District Court for the District of Maryland against Defendants Terrance Hall ("Mr. Hall") and Lisa Hall ("Mrs. Hall") (collectively, "Defendants"). (ECF No. 1). Defendants filed an Answer on or about June 30, 2023. (ECF No. 8). Pursuant to this Court's Order setting a conference call to discuss the Draft Scheduling Order (ECF No. 9), the Parties conferred with each other and communicated to the Court on July 26, 2023, during their conference call with the Court, their desire to engage in an early ADR conference with a Magistrate Judge. Thereafter, the Court issued a stay of this case for 90 days and referred this matter to Magistrate Judge Coulson for early ADR. (ECF Nos. 10, 11).

Shortly before the parties' settlement conference scheduled on September 13, 2023, counsel for Defendants, Troy S. Brown ("Mr. Brown"), moved for leave to withdraw his appearance on August 30, 2023 (the "Motion to Withdraw"). (ECF No. 14). On September 1, 2023, the Court denied the Motion to Withdraw without prejudice for failure to comply with Local Rule 101.2.a and provided Mr. Brown with the opportunity to re-file a motion that conforms with the requirements of Local Rule 101.2.a. (ECF No. 15). Given Mr. Brown's intent to withdraw, Judge Coulson subsequently issued an Order on September 7, 2023, and cancelled the settlement conference scheduled for September 13, 2023. (ECF No. 16).

Thereafter, on or about September 21, 2021, having not yet received a re-filed motion to withdraw, counsel for Plaintiff emailed Mr. Brown and inquired as to whether he intended to re-file the Motion to Withdraw. Mr. Brown responded and confirmed that he would re-file the Motion to Withdraw, likely on the very next day. Nearly one month has passed since that time and Mr. Brown has not re-filed any motion. In advance of the next scheduled telephone call on

October 26, 2023 at 5:00 p.m. (see ECF No. 10), counsel for Plaintiff wish to make the Court aware of their desire and intent to file a Motion for Partial Summary Judgment, given that a settlement conference does not appear likely at this time and given what Plaintiff believes are strong grounds for at least partial summary judgment.

The Complaint alleges five claims against Mr. and Mrs. Hall, for Fraud (Count I – Against All Defendants), Constructive Trust (Count II – Against All Defendants), Breach of Fiduciary Duty (Count III – Against Mr. Hall), Civil Conspiracy (Count IV – Against All Defendants), and Aiding and Abetting (Count V – Against Mrs. Hall). (ECF No. 1). The Complaint arose out of Mr. Hall's misconduct in intentionally concealing his two siblings, including the Plaintiff Doreen Henry, as heirs from the Estate of Elvira Hall ("Elvira"), with the assistance and encouragement of his wife, Mrs. Hall. The other sibling, Roger Kerr ("Mr. Kerr"), is not a party to this action. On June 30, 2023, Defendants filed their Answer and did not dispute that Mr. Hall omitted Plaintiff and Mr. Kerr as Interested Parties on the Estate Petition, despite alleging in the First and Final Administration Account under the penalties of perjury that "notice ha[d] been given to all interested parties[.]" (ECF No. 1, ¶ 11; ECF No. 8, ¶ 11). As a result, Defendants also admitted that Mr. Hall received the entire sum of $170,225.83 from Elvira's Estate – to which he was only entitled to one-third, with Plaintiff and Mr. Kerr each being entitled to one third. (ECF No. 1, ¶ 16, ECF No. 8, ¶ 16).

Therefore, Plaintiff respectfully requests permission, and a briefing schedule, to file a Motion for Partial Summary Judgment pursuant to Local Rule 105.2.c on Counts I (Fraud), II (Constructive Trust), and III (Breach of Fiduciary Duty) against Mr. Hall, as there is no genuine dispute of material fact concerning Mr. Hall's misconduct and Plaintiff would be entitled to judgment as a matter of law. Further, Plaintiff would respectfully request for this Court not to set a full scheduling order until the motion has been decided.

Thank you for your attention to this matter and consideration of this request.

Very truly yours,

Jonathan P. Kagan

JPK:vjm

cc: Troy S. Brown, Esquire (sent via e-mail: tbrown@rossalbers.com)