Law Offices
## KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis Maryland 21401
Telephone (410) 216-7900
Facsimile (410) 705-0836

JONATHAN P. KAGAN                                                                                  KAGAN@KAGANSTERN.COM
                                                                                                   WWW.KAGANSTERN.COM

December 7, 2023

The Honorable Ellen L. Hollander
United States District Court for the
District of Maryland (Northern Division)
101 West Lombard Street – Chambers 3C
Baltimore, MD  21201

      **RE:** *Doreen Henry v. Terrance Hall, et al.*, **Civil Case No. 1:23-cv-01285-ELH, Plaintiff's Status Update and Leave to file Motion for Summary Judgment**

Dear Judge Hollander:

      As the Court is aware, following a telephone status conference on October 26, 2023, prior counsel for Defendants, Troy Brown ("Mr. Brown"), re-filed his Motion to Withdraw (ECF No. 18), which the Court granted on October 30, 2023 (ECF No. 22).  The Court's Order provided the Defendants Terrance Hall ("Mr. Hall") and Lisa Hall ("Mrs. Hall") with the opportunity to move to rescind the Order as improvidently granted no later than November 13, 2023, which the Defendants did not do. Also on October 30th, the Court further advised the Defendants via correspondence (ECF No. 24) that the case would be stayed for 30 days to allow the Defendants time to obtain new counsel but if new counsel did not enter an appearance within 30 days, *i.e.*, by November 29, 2023, then the Court would assume that Defendants elect to proceed *pro se*. As of November 29, 2023, no counsel had entered an appearance in this matter on behalf of the Defendants, and, on December 1, 2023, the Court issued a Paperless Order lifting the stay. (ECF No. 25).

      Now that the stay has been lifted, counsel for Plaintiff wish to make the Court aware of Plaintiff's desire and intent to file a Motion for Partial Summary Judgment, as previously requested in Plaintiff's correspondence to this Court on October 23, 2023 (ECF No. 17), given that a settlement conference does not appear likely at this time and given what Plaintiff believes are strong grounds for at least partial summary judgment.

      The Complaint alleges five claims against Mr. and Mrs. Hall, for Fraud (Count I – Against All Defendants), Constructive Trust (Count II – Against All Defendants), Breach of Fiduciary Duty (Count III – Against Mr. Hall), Civil Conspiracy (Count IV – Against All Defendants), and Aiding and Abetting (Count V – Against Mrs. Hall). (ECF No. 1).  The Complaint arose out of Mr. Hall's misconduct in intentionally concealing his two siblings,

KAGAN STERN MARINELLO & BEARD, LLC
Annapolis, Maryland

KAGAN STERN MARINELLO & BEARD, LLC

The Honorable Ellen L. Hollander
December 7, 2023
Page 2

including the Plaintiff Doreen Henry, as heirs from the Estate of Elvira Hall ("Elvira"), with the assistance and encouragement of his wife, Mrs. Hall. The other sibling, Roger Kerr ("Mr. Kerr"), is not a party to this action. On June 30, 2023, Defendants filed their Answer and did not dispute that Mr. Hall omitted Plaintiff and Mr. Kerr as Interested Parties on the Estate Petition, despite alleging in the First and Final Administration Account under the penalties of perjury that "notice ha[d] been given to all interested parties[.]" (ECF No. 1, ¶ 11; ECF No. 8, ¶ 11). As a result, Defendants also admitted that Mr. Hall received the entire sum of $170,225.83 from Elvira's Estate – to which he was only entitled to one-third, with Plaintiff and Mr. Kerr each being entitled to one third. (ECF No. 1, ¶ 16, ECF No. 8, ¶ 16).

Therefore, Plaintiff respectfully requests permission, and a briefing schedule, to file a Motion for Partial Summary Judgment pursuant to Local Rule 105.2.c on Counts I (Fraud), II (Constructive Trust), and III (Breach of Fiduciary Duty) against Mr. Hall, as there is no genuine dispute of material fact concerning Mr. Hall's misconduct and Plaintiff would be entitled to judgment as a matter of law. Further, Plaintiff would respectfully request for this Court not to set a full scheduling order until the motion has been decided.

Thank you for your attention to this matter and consideration of this request.

Very truly yours,

Jonathan P. Kagan

JPK:mjm/vjm

cc:     Doreen Henry