IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **DOREEN HENRY** <br> **179 Ian Street, Cleaver Road** <br> **Arima, Trinidad and Tobago, West Indies** | * <br> <br> * |
| *Plaintiff,* | * |
| **and** | * |
| **ROGER KERR** <br> **14 Apple Blossom** <br> **St. Clair Gardens** <br> **Trincity, Trinidad and Tobago, West Indies** | * <br> <br> * <br> <br> * |
| *Plaintiffs,* | |
| | *   **CIVIL NO.: 1:23-cv-1285-SAG** |
| v. | * <br> * |
| **TERRANCE HALL** <br> **7621 Wilhelm Avenue** <br> **Baltimore, MD 21237** | * <br> * <br> *   ~~CIVIL NO.: 1:23-cv-1285~~ |
| | * |
| **and** | |
| | * |
| ~~and~~ | * |
| **LISA HALL** <br> **7621 Wilhelm Avenue** <br> **Baltimore, MD 21237** | * <br> * <br> * <br> * |
| *Defendants.* | * |
| * * * * * * * * * * * | |
| | * |
| * * * * * * * * * * * | |

**FIRST AMENDED COMPLAINT**

~~Plaintiff~~Plaintiffs Doreen Henry ("~~Plaintiff" or "~~Ms. Henry") and Roger Kerr ("Mr. Kerr") (collectively, "Plaintiffs"), by and through ~~her~~their undersigned counsel, Jonathan P. Kagan, Michael J. Marinello, Veronica J. Mina, and Kagan Stern Marinello & Beard, LLC, hereby files this First Amended Complaint against Defendants Terrance Hall ("Mr. Hall") and Lisa Hall ("Mrs. Hall") (collectively, "Defendants").  In support, ~~Plaintiff states~~Plaintiffs state as follows:

## THE PARTIES

1. Plaintiff Ms. Henry is a citizen of Trinidad and Tobago who resides in Arima, Trinidad and Tobago.

2. Plaintiff Mr. Kerr is a citizen of Trinidad and Tobago who resides in Trincity, Trinidad and Tobago.

~~2.~~3. Defendant Mr. Hall is a citizen of Maryland who resides in Baltimore County, Maryland.

~~3.~~4. Defendant Mrs. Hall is the wife of Mr. Hall and is a citizen of Maryland who resides in Baltimore County, Maryland.

## JURISDICTION AND VENUE

~~4.~~5. At all times relevant herein, the facts and circumstances complained of herein all occurred in Baltimore City, Maryland.

~~5.~~6. This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

~~6.~~7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendants Mr. Hall and Mrs. Hall are residents of Baltimore County, Maryland.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Baltimore City, Maryland.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7.8.    On or about November 21, 2019, Elvira Hall ("Elvira" or "Decedent"), died in Baltimore and she was survived by three children: (1) Plaintiff Ms. Henry; (2) Plaintiff Roger Kerr ("Mr. Kerr"); and (3) Defendant Mr. Hall.  Ms. Henry, Mr. Kerr, and Mr. Hall all had different fathers.  Decedent was never married and did not have a surviving husband at the time of her death.  Decedent died without a will.  ~~Plaintiff and Mr. Kerr~~Plaintiffs reside in Trinidad and Tobago while Defendant Mr. Hall resides in Baltimore County, Maryland with his wife, Defendant Mrs. Hall.

8.9.    On or about December 13, 2019, Mr. Hall, with the assistance of Mrs. Hall, filed a Regular Estate Petition for Administration of Elvira's Estate ("Estate Petition") through the Register of Wills and Orphans' Court for Baltimore City, Maryland (hereinafter, "Orphans' Court") (Estate No. 193894).  Mr. Hall reported that Decedent died without a will and requested he be appointed personal representative of his mother's Estate.

9.10.    Despite obviously knowing of his own two siblings (~~Plaintiff~~Plaintiffs Ms. Henry and Mr. Kerr), both of whom were direct lineal descendants of Elvira, Mr. Hall (and his wife Mrs. Hall) intentionally concealed this material fact from the Orphans' Court and, instead, fraudulently stated that he was entitled to the priority of appointment as personal representative of Elvira's Estate because he was the "son and only heir" of Elvira.  *See* Exhibit 1 (Estate Petition filed December 13, 2019).  Mr. Hall and Mrs. Hall intentionally omitted from the Estate Petition that Decedent had another daughter (Plaintiff Ms. Henry) and another son (Plaintiff Mr. Kerr), and did not list them as Interested Parties who would receive all notices and filings in the Estate.

10.11.    In the First and Final Administration Account of Terrance P. Hall, Personal Representative for the Estate of Elvira Hall ("First and Final Administration Account"), Mr. Hall (and his wife Mrs. Hall) fraudulently concealed that Elvira had two additional surviving heirs who

3

were interested parties to the Estate Petition "under the penalties of perjury that the contents of the foregoing document are true and correct to the best of my knowledge, information and belief." *See* Exhibit 2 (First and Final Administration Account of Terrance P. Hall filed August 14, 2020).

11.12.   Despite alleging in the First and Final Administration Account under the penalties of perjury that "notice ha[d] been given to all interested parties," Mr. Hall and Mrs. Hall gave no such notice of the Estate Petition to ~~Plaintiff or to Mr. Kerr~~Plaintiffs since he never listed them as interested parties as he was required to do.  *See* Ex. 2.

12.13.   Instead, Mr. Hall communicated with ~~Plaintiff and Mr. Kerr~~Plaintiffs on several occasions after he and Mrs. Hall had filed the Estate Petition in the Orphans' Court, and intentionally concealed from them the filing of the Estate Petition and his efforts to inherit the entire Estate of Elvira.

13.14.   In furtherance of Defendants' fraudulent conduct, Defendant Mr. Hall falsely communicated to Plaintiff Ms. Henry and ~~Plaintiff's~~Plaintiffs' immediate family that "Elvira died penniless."

14.15.   Upon information and belief, the Estate Petition filed with the Orphans' Court was completed and signed by Mrs. Hall, although the documents reflect the name of "Terrance P. Hall." Mrs. Hall also assisted Mr. Hall in completing the Estate Petition by including her phone number and contact information within the Estate Petition.

15.16.   At the time of Elvira's death, the total estate to be accounted for was valued at $170,225.83, as reported by Mr. Hall and Mrs. Hall.

16.17.   On or about September 8, 2020, the entire sum of $170,225.83 was distributed to Terrance P. Hall following the Orphans Court's approval of the First and Final Administration

Account, which listed Mr. Hall as Elvira's "son and sole heir." *See* Exhibit 3 (Order of Court Approving First and Final Administration Account dated September 8, 2020).[1]

17.18.  After the Estate Petition was approved, Mr. Hall remained in contact with his siblings, PlaintiffMs. Henry and Mr. Kerr, and he continued to intentionally conceal from them that he and Mrs. Hall had filed the Estate Petition in the Orphans' Court and, further, intentionally concealed from them that he had been distributed the entire Estate of Elvira in the sum of $170,225.83 as her "son and sole heir."

19.  For example, after Defendants received the distribution from the Estate of Elvira, Mr. Hall communicated to Mr. Kerr that he and Mrs. Hall purchased a new home, purchased a new car, traveled on luxurious vacations, and paid off their daughter's student loans in full.  Upon information and belief, Mr. and Mrs. Hall used all or substantially of the funds received as a distribution from Elvira's Estate towards these personal benefits.

18.20.  During the time when Mr. Hall filed the Estate Petition, and immediately after its approval, Defendants Mr. and Mrs. Hall resided at 7908 Wallace Road, Baltimore, Maryland 21222 in Baltimore County, Maryland ("7908 Wallace Road").

19.21.  Thereafter, on or about March 6, 2023, Mr. and Mrs. Hall sold the 7908 Wallace Road property for approximately $199,099.00. *See* Exhibit 4 (7908 Wallace Road Deed).

20.22.  The next day, on or about March 7, 2023, Mr. and Mrs. Hall purchased the real property located at 7621 Wilhelm Avenue, Baltimore, Maryland 21237 as tenants by the entirety for approximately $350,000.00 ("7621 Wilhelm Ave."). *See* Exhibit 5 (7621 Wilhelm Ave. Deed).

---

[1]  Pursuant to Maryland Estates & Trusts Article 3-103, if Decedent died without a will and no surviving husband, the assets of the estate are to be divided equally amongst all of Decedent's lineal descendants (surviving children). MD. CODE ANN., EST. & TRUSTS § 3-103.

5

Upon information and belief, Mr. and Mrs. Hall used all or substantially all of the funds received as a distribution from Elvira's Estate towards the purchase of the 7621 Wilhelm Avenue property.

23. In November 2023, Mr. Kerr visited Defendants at their new home (7621 Wilhelm Avenue) and generally inquired about Elvira's estate, to which Mr. Hall evaded and, instead, acted with ignorance and portrayed himself as uninterested in such matters. During this visit and in subsequent communications thereafter, Mrs. Hall would hover over Mr. Hall to prevent him from communicating openly and freely regarding Elvira's Estate.

24. Moreover, on two separate occasions, prior to and after Elvira's funeral, Mr. Kerr accompanied Mr. Hall to a Bank of America branch where Elvira maintained a portion of her funds. A representative from the bank communicated to Mr. Kerr and Mr. Hall that Elvira possessed a considerable sum of money in her account. Neither Ms. Henry nor Mr. Kerr have ever accessed or received any distribution from such an account.

25. After Elvira's funeral, Defendants Mr. and Mrs. Hall obtained Elvira's personal property, including jewelry, cash, and other personal affects, and never communicated to Ms. Henry or Mr. Kerr regarding the items they retrieved, nor did they inventory such items or otherwise include them in the Estate Petition and the First and Final Administration Account.

~~21.~~26. In or about April 2023, ~~Plaintiff~~Ms. Henry discovered that Defendants Mr. and Mrs. Hall ~~had~~ fraudulently filed the Estate Petition for Probate of Elvira Hall by naming himself as Elvira's "son and only heir" and intentionally concealing the existence of ~~Plaintiff and Mr. Kerr~~ Plaintiffs as additional heirs of Elvira.

~~22.~~27. Upon discovering Defendants' fraudulent conduct, ~~Plaintiff~~Ms. Henry confronted Defendants, both of whom refused to re-open and amend the Estate Petition of Elvira. Instead,

6

Defendant Mr. Hall acknowledged receipt of the entire Estate of Elvira, and admitted that he and Defendant Mrs. Hall intentionally omitted ~~Plaintiff and Mr. Kerr~~Plaintiffs from the Estate Petition.

28.   In early 2024, upon communicating with Ms. Henry, Mr. Kerr discovered that Defendants Mr. and Mrs. Hall had fraudulently filed the Estate Petition for Probate of Elvira Hall by naming himself as Elvira's "son and only heir" and intentionally concealing the existence of Plaintiffs as additional heirs of Elvira.

29.   As a result of Defendants' misconduct, Plaintiffs have been betrayed, deceived, and suffer extreme pain and emotional distress.

~~23.~~30.   Defendants have refused to reopen the ~~estate~~Estate and properly distribute the funds due and owing to ~~Plaintiff and Mr. Kerr~~ Plaintiffs as direct heirs of Elvira.

~~24.~~31.   To date, ~~Plaintiff has~~Plaintiffs have not received any funds or distribution from the Estate of Elvira.

~~25.~~32.   As a result of Defendants' fraudulent conduct and concealment, and Defendant Mrs. Hall's conspiracy to aid her husband, Mr. Hall, in such fraudulent conduct, ~~Plaintiff has~~Plaintiffs have been harmed and ~~seeks~~seek monetary relief, including compensatory and punitive damages, interest, reasonable attorneys' fees and costs.

**COUNT I**
**FRAUD**
(Against All Defendants)

~~26.~~33.   ~~Plaintiff incorporates~~Plaintiffs incorporate and ~~adopts~~adopt all preceding Paragraphs as if fully set forth herein.

~~27.~~34.   Defendants falsely filed the Estate Petition and opened the Estate of Elvira claiming that Mr. Hall was the "son and only heir" of Elvira and failed to identify ~~Plaintiff and Mr. Kerr~~Plaintiffs as interested parties.

7

28.35.   Defendants falsely communicated to ~~Plaintiff~~Ms. Henry and ~~Plaintiff's~~Plaintiffs' immediate family that "Elvira died penniless" and failed to disclose to ~~Plaintiff~~Plaintiffs that they had filed an Estate Petition for Elvira.

29.36.   Defendants failed to disclose to ~~Plaintiff~~Plaintiffs that the filed Estate Petition falsely listed Mr. Hall as Elvira's "son and only heir."

30.37.   Defendants failed to disclose to ~~Plaintiff~~Plaintiffs that Defendant Mr. Hall had received $170,225.83 as a distribution from the Estate of Elvira.

31.38.   Defendants' failure to disclose the Estate Petition and its contents along with Elvira's true assets constituted a false representation to ~~Plaintiff~~Plaintiffs and a failure to disclose material facts.

32.39.   The falsity was either known to Defendants, or the misrepresentation was made with such a reckless indifference to the truth such that Defendants had actual knowledge of its falsity.

33.40.   The representations and concealment by Defendants regarding the Estate of Elvira, were false, inaccurate, and/or misleading and concealed the true and accurate material facts from the Orphans' Court and from ~~Plaintiff~~Plaintiffs.

34.41.   The foregoing concealment and omission constituted a failure by Defendant Mr. Hall to disclose material facts, which he had a duty to disclose, truthfully and accurately.

35.42.   The foregoing misrepresentations and concealment were made by Defendants for the purpose of defrauding the Estate of Elvira and ~~Plaintiff~~Plaintiffs by inducing the Orphans' Court to distribute the entire Estate of Elvira to Defendant Mr. Hall and precluding ~~Plaintiff~~Plaintiffs from protecting and exercising ~~her~~their rights and interests as ~~a~~ surviving ~~heir~~heirs to Elvira.

8

36.43.   Defendants made the foregoing misrepresentations and concealment intentionally, knowingly, willfully, and deliberately in order to induce the Orphans' Court to distribute the entire Estate of Elvira to Defendant Mr. Hall and preclude ~~Plaintiff~~Plaintiffs from protecting and exercising ~~her~~their rights and interests as ~~a~~ surviving ~~heir~~heirs to Elvira.

37.44.   The foregoing misrepresentations and concealment were done with the intent to mislead the Orphans' Court and ~~Plaintiff~~Plaintiffs.

38.45.   The foregoing misrepresentations and concealment by Defendants were material to the Orphans' Court's distribution of the Estate of Elvira to Mr. Hall and to the lack of any efforts by ~~Plaintiff~~Plaintiffs to protect and exercise ~~her~~their rights and interests as ~~a~~ surviving ~~heir~~heirs to Elvira.

39.46.   The Orphans' Court and ~~Plaintiff~~Plaintiffs reasonably and justifiably relied on Defendants' misrepresentations, conduct, and concealment, resulting in the distribution of the entire Estate of Elvira to Defendant Mr. Hall.

40.47.   Defendants knew that the Orphans' Court and ~~Plaintiff~~Plaintiffs would rely, and were relying, on the representations, conduct, and concealment as they claimed Mr. Hall to be the only heir of Elvira under the penalties of perjury.

41.48.   As a result of Defendants' misrepresentations and fraudulent concealment, ~~Plaintiff has~~Plaintiffs have suffered, and will continue to suffer, damages.

42.49.   Defendants' misrepresentations and fraudulent concealment were unlawful, intentional, made with malice, and intended to cause damage and loss to ~~Plaintiff~~Plaintiffs.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request this Honorable Court enter judgment in ~~Plaintiff's~~Plaintiffs' favor against Defendants Mr. and Mrs. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees,

pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

**COUNT II**
**CONSTRUCTIVE TRUST**
(Against All Defendants)

43.50.  ~~Plaintiff incorporates~~Plaintiffs incorporate and ~~adopts~~adopt all preceding Paragraphs as if fully set forth herein.

44.51.  "Constructive trust is a remedy employed by a court of equity to convert the holder of legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property." *Wimmer v. Wimmer*, 287 Md. 663, 668 (1980).  The remedy of constructive trust applies where property has been "acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it.  Ordinarily, such factors must be shown by clear and convincing evidence." *Porter v. Zuromski*, 195 Md. App. 361, 368-69 (2010).

45.52.  On or about September 8, 2020, Defendant Mr. Hall received $170,225.83 as a distribution from the Estate of Elvira.

46.53.  On or about March 7, 2023, upon information and belief, Defendants used all or substantially all of the funds received as a distribution to Mr. Hall from Elvira's Estate towards the purchase of the 7621 Wilhelm Ave. property.

47.54.  Defendants acquired the 7621 Wilhelm Ave. property through an improper method by using the funds fraudulently received from the Estate of Elvira to purchase the property.

48.55.  As a result of Defendants' misrepresentations, fraudulent concealment, and conduct, ~~Plaintiff has~~Plaintiffs have suffered, and will continue to suffer, actual and proximate damages.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request this Honorable Court enter judgment in ~~Plaintiff's~~Plaintiffs' favor against Defendants, impose a constructive trust on all property transferred to or purchased by Defendants Mr. Hall or Mrs. Hall through or with the use of funds from the Estate of Elvira, trace all property from the Estate of Elvira wrongfully disposed of and recover the property from Defendants, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY
(Against Defendant Terrance Hall)

~~49.~~56.   ~~Plaintiff incorporates~~Plaintiffs incorporate and ~~adopts~~adopt all preceding Paragraphs as if fully set forth herein.

~~50.~~57.   On or about December 13, 2019, Defendant Mr. Hall was appointed as Personal Representative of the Estate of Elvira.

~~51.~~58.   In his capacity as Personal Representative, Mr. Hall owed fiduciary duties to the Estate of Elvira and to ~~Plaintiff~~Plaintiffs, as ~~a~~ surviving ~~heir~~heirs and ~~beneficiary~~beneficiaries thereof, including, but not limited to, notifying ~~her~~them of the filing of the Estate Petition and properly protecting and distributing ~~Plaintiff's~~Plaintiffs' share of the Estate to ~~her~~them.

~~52.~~59.   Defendant Mr. Hall breached his fiduciary duties to ~~Plaintiff~~Plaintiffs by acting for his own personal gain when he concealed from ~~Plaintiff~~Plaintiffs the filing of the Estate Petition, the distribution he received from the Estate, and upon information and belief, his purchase of the 7621 Wilhelm Ave. property using the distribution he fraudulently received from the Estate, his purchase of a new car using the distribution he fraudulently received from the Estate, his luxurious vacations using the distribution he fraudulently received from the Estate, his payments for his

11

daughter's student loans using the distribution he fraudulently received from the Estate, and falsely representing to Plaintiff that "Elvira died penniless."

~~53.~~60.   Defendant Mr. Hall further breached his fiduciary duty by claiming his entitlement to the entire distribution from the Estate of Elvira and explaining to ~~Plaintiff~~Plaintiffs that ~~she was~~they were not entitled to any distribution because ~~she~~they lived in Trinidad and Tobago.

~~54.~~61.   As a direct and proximate result of Defendant Mr. Hall's breaches of his fiduciary duties, ~~Plaintiff has~~Plaintiffs have suffered, and will continue to suffer, damages.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request this Honorable Court enter judgment in ~~Plaintiff's~~Plaintiffs' favor against Defendants Mr. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

**COUNT IV**
**CIVIL CONSPIRACY**
(Against All Defendants)

~~55.~~62.   ~~Plaintiff incorporates~~Plaintiffs incorporate and ~~adopts~~adopt all preceding Paragraphs as if fully set forth herein.

~~56.~~63.   Defendants conspired to fraudulently complete and execute the Estate Petition of Elvira to the Orphans' Court so that all funds and property from the Estate of Elvira were distributed to Defendant Mr. Hall.

~~57.~~64.   In support of this conspiracy, upon information and belief, the Estate Petition filed with the Orphans' Court was completed and signed by Mrs. Hall, although said documents reflect the name of "Terrance P. Hall." Mrs. Hall also assisted Mr. Hall in completing the Estate Petition by including her phone number and contact information within the Estate Petition.

~~58.~~65.   Defendant Mrs. Hall had full knowledge of Mr. Hall's fraudulent conduct by explaining to ~~Plaintiff's~~Plaintiffs' immediate family in or about April 2023 that the Orphans' Court had given her and Mr. Hall certain instructions when completing the Estate Petition of Elvira.

~~59.~~66.   Defendants have benefited economically and will continue to benefit economically as a result of their fraudulent conduct.

~~60.~~67.   Defendants have planned, schemed, and otherwise conspired to deceive ~~Plaintiff and her brother, Mr. Kerr,~~Plaintiffs regarding the Estate of Elvira and, in turn, to commit fraud on the Orphans' Court, the Estate of Elvira, and ~~Plaintiff~~Plaintiffs.

~~61.~~68.   As a result of Defendants Mr. and Mrs. Hall's civil conspiracy, ~~Plaintiff has~~Plaintiffs have suffered, and will continue to suffer, damages.

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request this Honorable Court enter judgment in ~~Plaintiff's~~Plaintiffs' favor against Defendants Mr. and Mrs. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

### COUNT V
### AIDING AND ABETTING
(Against Defendant Lisa Hall)

~~62.~~69.   ~~Plaintiff incorporates~~Plaintiffs incorporate and ~~adopts~~adopt all preceding Paragraphs as if fully set forth herein.

13

63.70. Upon information and belief, Defendant Mrs. Hall facilitated, encouraged, provided support, and otherwise aided and abetted Defendant Mr. Hall's fraudulent conduct before the Orphans' Court, the Estate of Elvira, and PlaintiffPlaintiffs by completing and signing the Estate Petition and including her phone number and contact information within the Estate Petition.

64.71.  As a result of Defendant Mrs. Hall's conduct in aiding and abetting Defendant Mr. Hall's fraudulent conduct, Plaintiff hasPlaintiffs have suffered, and will continue to suffer, damages.

WHEREFORE, PlaintiffPlaintiffs respectfully requestsrequest this Honorable Court enter judgment in Plaintiff'sPlaintiffs' favor against Defendant Mrs. Hall, award damages in excess of $75,000.00, punitive damages, to be determined at trial, plus reasonable attorneys' fees, pre- and post-judgment interest, costs, and all such other and further relief that this Court deems just and proper.

Dated:Date: May 16, 2024May 14, 2024             Respectfully submitted,



                                                /s/ Jonathan P. Kagan
                                                Jonathan P. Kagan
                                                (D. Md. Bar No. 23181)
                                                kagan@kaganstern.com

                                                /s/ Veronica J. Mina
                                                Veronica J. Mina
                                                 (D. Md. Bar No. 30472)
                                                mina@kaganstern.com

                                                /s/ Michael J. Marinello
                                                Michael J. Marinello (D. Md. Bar No. 18490)
                                                marinello@kaganstern.com

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone:       (410) 216-7900
Facsimile:   (410) 705-0836

*Counsel for Plaintiff*
*Doreen Henry*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of May, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF filing system and served via email and first-class mail, postage prepaid, to the following:

Mr. Terrance Hall
Mrs. Lisa Hall
7621 Wilhelm Avenue
Baltimore, MD 21237
Email: Ross_c1933@yahoo.com

*Pro-Se Defendants*

/s/ Veronica J. Mina
Veronica J. Mina (D. Md. Bar No. 30472)

15