IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **DOREEN HENRY** | * | |
| *Plaintiff*, | * | |
| | | Case No.: 1:23-cv-01285-SAG |
| v. | * | |
| **TERRANCE HALL,** *ET AL*. | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO COMPEL AND FOR CONTEMPT / SANCTIONS**

Plaintiff Doreen Henry ("Plaintiff" or "Ms. Henry"),[1] by and through her undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, L.R. 104.8, L.R. 105, and Appendix A of the Local Rules, hereby files this Motion to Compel and for Contempt/Sanctions ("Motion") for Defendants' violation of this Court's Order (ECF No. 31). In support thereof, Plaintiff states as follows:

1. This action arises out of Defendants Terrance Hall's ("Mr. Hall") and Lisa Hall's ("Mrs. Hall") (collectively, "Defendants") fraudulent conduct in falsely reporting to the Register of Wills and Orphans' Court for Baltimore City, Maryland that Mr. Hall was the only son and heir of Elvira Hall ("Elvira"), the decedent, despite obviously knowing of his own two siblings (Plaintiff and Roger Kerr ("Mr. Kerr")), both of whom were direct lineal descendants of Elvira. Mr. Hall submitted an Estate Petition with the assistance and encouragement of Mrs. Hall and, as

---

[1] On or about May 16, 2024, Plaintiff filed a Motion for Leave for Amend Complaint to Add Necessary Party (ECF 30). Defendants' response was due on or about May 30, 2024, to which they failed to file a response. Therefore, Plaintiff's Motion for Leave is now ripe for ruling by this Court.

1

a result, received the entire sum of Elvira's Estate in the amount of $170,225,83 on or about September 3, 2020, which he never thereafter disclosed to Plaintiff or to Mr. Kerr.

2. As a result of Defendants' misconduct, on or about May 16, 2023, Ms. Henry filed a five-count Complaint against Terrance Hall ("Mr. Hall") and Lisa Hall ("Mrs. Hall") (collectively, "Defendants") alleging Count I: Fraud (Against All Defendants); Count II: Constructive Trust (Against All Defendants); Count III: Breach of Fiduciary Duty (Against Defendant Terrance Hall); Count IV: Civil Conspiracy (Against All Defendants); and Count V: Aiding and Abetting (Against Defendant Lisa Hall). ECF No. 1.

3. On or about June 30, 2023, Defendants filed their Answer. ECF No. 8.

4. Pursuant to this Court's Order setting a conference call to discuss the Draft Scheduling Order (ECF No. 9), the Parties conferred with each other and communicated to the Court on July 26, 2023, during their conference call with the Court, their desire to engage in an early ADR conference with a Magistrate Judge. Thereafter, the Court issued a stay of this case for 90 days and referred this matter to Magistrate Judge Coulson for early ADR. (ECF Nos. 10, 11)

5. Shortly before the parties' settlement conference scheduled on September 13, 2023, former counsel for Defendants made known to the undersigned that he intended to withdraw his appearance. As such, the settlement conference was cancelled. Thereafter, on or about October 26, 2023, a Motion to Withdraw (ECF No. 18) was filed, which this Court granted on October 30, 2023 (ECF No. 22). The Court's Order stayed the case for 30 days to allow the Defendants to obtain new counsel, which they did not do.

6. Thereafter, on or about February 20, 2024, Plaintiff requested the issuance of a scheduling order pursuant to Local Rule 103.9 and 104.4. ECF No. 27.

7. On or about February 22, 2024, this Court issued a Scheduling Order. ECF No. 28.

8. On or about March 26, 2024, Plaintiff issued Interrogatories, Requests for Production of Documents, and Requests for Admissions by first-class mail to the Defendants.

9. The deposition and discovery deadline under the Scheduling Order (ECF No. 28) fell on May 24, 2024.

10. Defendants' discovery was due on or about April 29, 2024, however, Defendants requested additional time to provide their discovery due to their alleged delay of receipt of Plaintiff's discovery requests by mail. As a result, the Parties agreed that Defendants would provide their discovery answers and responses to Plaintiff no later than May 27, 2024, and Plaintiff noted the depositions of Defendants for June 18, 2024 (to provide the necessary time to receive and review Defendants' discovery and address any potential discovery deficiencies with Defendants).

11. Given the above, on or about May 16, 2024, Plaintiff filed a Consent Motion to Modify the Scheduling Order. ECF No. 29. That same day, this Court granted the Consent Motion to Modify the Scheduling Order and ordered that "the depositions of Defendants shall take place on June 18, 2024" and that "the Defendants shall provide full and complete discovery, answers, responses, and documents, to the Plaintiff no later than May 27, 2024." ECF No. 31.

12. On or about May 28, 2024, counsel for Plaintiff sent a courtesy email to Defendants to remind them that their Answers to Interrogatories, Responses to Requests for Production of Documents, Responses to Requests for Admissions, and document production were due that day.[2] Despite the fact that Defendants communicated with the undersigned via email earlier in the day

---

[2] May 27, 2024 fell on Memorial Day Weekend and, therefore, Defendants' Answers to Interrogatories, Responses to Requests for Production of Documents, Responses to Requests for Admissions, and document production were due the following day, on May 28, 2024.

on May 28, 2024, they failed to respond to the undersigned's courtesy reminder and, importantly, did not raise any issue with timely producing their discovery.

13. On or about May 29, 2024, having not received Defendants' overdue discovery, counsel for Plaintiff emailed Defendants to inquire as to the status of their answers, responses, and documents. *See* **Exhibit 1** (Email from V. Mina to L. Hall and T. Hall dated May 29, 2024 at 11:07 a.m.). Defendant Mrs. Hall responded and stated that she believed their discovery answers were sent the night before but that she would attempt to resend them on the evening of May 29. *See id.* (Email from L. Hall to V. Mina dated May 29, 2024).

14. In response to Mrs. Hall's email, Plaintiff's counsel reminded Defendants of their obligation to produce not just discovery answers, but, also, responses to the requests for production of documents and requests for admissions, as well as their document production. *See id.* (Email from V. Mina to L. Hall dated May 29, 2024 at 11:58 a.m.).

15. Ultimately, the evening of May 29, 2024 came and passed without Plaintiff receiving Defendants' discovery. As a result, on or about May 31, 2024, in one last good faith attempt to resolve this discovery dispute, counsel for Plaintiff inquired yet again as to the status of Defendants' discovery and indicated that a failure to produce such discovery would result in this instant Motion. *See id.* (Email from V. Mina to L. Hall and T. Hall dated May 31, 2024).

16. Instead of producing the discovery that Defendants claimed they had sent days prior and despite agreeing to produce such discovery by May 27, 2024 via the Consent Motion (ECF No. 29), Defendants completely disregarded this Court's Order requiring them to produce their discovery by May 27 and *sua sponte* decided that because Plaintiff filed a Motion for Leave to file an Amended Complaint to add Mr. Kerr as a Plaintiff, that they would not respond to discovery and seek—*nearly seven (7) months after this Court stayed this case for an additional 30 days to*

*provide them with an ample opportunity to retain counsel*—to "obtain an attorney to represent us in this matter for all fairness[.]" *See id.* (Email from L. Hall to V. Mina dated June 1, 2024).

17. There is no excuse for Defendants' ongoing refusal or "inability" to produce their discovery. Instead, the aforementioned conduct by Defendants constitutes nothing more than a dilatory tactic to advance their efforts in not participating in this litigation and failing to take the claims against them diligently. Defendants have displayed nothing but apathy and indifference to this case since its inception, which should not be rewarded or tolerated any further.

18. It has been over *one year* since Ms. Henry filed this case against Defendants, yet she has received absolutely nothing from Defendants except their Answer to the Complaint. It is evident that justice delayed (by Defendants' actions) is justice denied for Ms. Henry.

19. As mentioned above, after giving Defendants an additional 30-day extension to provide their discovery answers, responses, and documents (by consent between the Parties and by virtue of this Court's Order granting the same (ECF No. 31)), Defendants failed to adhere to their agreement and, more importantly, failed to comply with this Court's Order.

20. Numerous Federal Rules of Civil Procedure apply to and govern Defendants' discovery failures and blatant disregard for this Court's Order. First, with respect to the Requests for Admissions propounded upon Defendants, Rule 36(a)(3) clearly states that, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3).

21. Meanwhile, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation,

5

production, or inspection. This motion may be made if: … a party fails to answer an interrogatory submitted under Rule 33…fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B).

22. Moreover, the Court "may, on motion, order sanctions if…a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi) [*see* ¶ 23 below]. Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

23. Lastly, "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court…may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party[.]"

FED. R. CIV. P. 37(b)(2)(A).

24. Here, Defendants have failed to provide any responses to the requests for admissions, any answers to interrogatories, any responses to document requests, or any production

of responsive documents. This is in direct violation of not only the foregoing Rules but also this Court's Order specifically directing them to provide such discovery by May 27, 2024.

25. Accordingly, pursuant to Rule 36(a)(3), Plaintiff's Requests for Admissions must be deemed as admitted by Defendants due to their failure to timely provide responses in writing and signed by them (or to provide any responses at all). This is not a sanction. It occurs as a matter of course under Rule 36. Based on these admissions alone, the Court would arguably be in a position to enter judgment against Defendants *sua sponte* given that such admissions would clearly establish Defendants' liability for all of the alleged claims and the damages owed to Ms. Henry and Mr. Kerr (assuming the Court grants the Motion for Leave to Amend Complaint). (*See* **Exhibit 2** - Plaintiff's First Request for Admission of Facts to Defendant Terrance Hall; and **Exhibit 3** - Plaintiff's First Request for Admission of Facts to Defendant Lisa Hall).

26. Relatedly, Defendants' failure to provide any answers to interrogatories and any responses to document requests (or document production) is clearly sanctionable under Rule 37 in the Court's discretion. Plaintiff respectfully submits that such failure warrants sanctions in the form of an Order (i) directing that the facts sought to be discovered by Plaintiff shall be taken to be established in favor of the claims of the Plaintiff; and/or (ii) prohibiting Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

27. When taking the effect of such sanctions into account, together with the deemed admissions, Plaintiff respectfully submits that Defendants would effectively be precluded from defending the claims in this case and that liability and damages would even further be established, and that – as stated above - the Court could, therefore, enter judgment against Defendants *sua sponte*. At a minimum, Plaintiff submits that she (and Mr. Kerr, assuming the Court grants the

Motion for Leave to Amend Complaint) should be permitted to file a motion for summary judgment within thirty (30) days of any Order deeming the Requests for Admissions as admitted by Defendants or entering any such sanctions based on the failure to answer interrogatories or respond to the document requests.

28. In the alternative, Ms. Henry requests that this Court order Defendants to produce their Answers to Interrogatories, Responses to Requests for Production of Documents, Responses to Requests for Admissions, and their document production to the Plaintiff within five (5) days of such Order and that the depositions of Defendants shall take place within thirty (30) days of Ms. Henry receiving such discovery from Defendants. Such Order should further warn that any failure of Defendants to timely provide such full and complete discovery answers, responses, and documents will result in default judgment against Defendants on all claims in favor of Ms. Henry (and Mr. Kerr, assuming the Court grants the Motion for Leave to Amend Complaint).

29. Lastly, in circumstances such as these, Rule 37(d)(3) expressly provides that the Court "must require the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." There is no such justification or circumstances that make such an award unjust here. Accordingly, Plaintiff requests any Order adjudicating this Motion direct that Defendants shall reimburse Plaintiff all reasonable expenses and attorneys' fees incurred in response to Defendants' discovery failure and provide that Plaintiff be permitted to submit a petition to establish the amount of such fees within thirty (30) days of such Order.

30. In sum, the Court should enter an Order deeming as admitted each Request for Admission served on Defendants, entering appropriate sanctions for Defendants' failure to answer the interrogatories and respond to the document requests, and entering judgment against

Defendants or allowing Ms. Henry to file a motion for summary judgment. In the alternative, the Court should enter an Order compelling Defendants to provide all such discovery within five (5) days of the date of the Order, directing that Plaintiff shall be entitled to depose Defendants within thirty (30) days thereafter, and directing that any further non-compliance with the Court's Order shall be subject to the following sanctions:

    a. That the matters sought to be discovered by Plaintiff shall be taken to be established in favor of the claims of the Plaintiff;

    b. That Defendants Mr. Hall and Mrs. Hall shall be prohibited from supporting or opposing designated claims or defenses;

    c. That Defendants Mr. Hall and Mrs. Hall shall be prohibited from introducing designated matters to support their claims and/or defenses into evidence;

    d. That Defendants Mr. Hall and Mrs. Hall's pleadings shall be stricken or parts thereof; and

    e. That judgment by default will be entered against the Defendants Mr. Hall and Mrs. Hall as to liability and all relief sought by Plaintiff.

Lastly, the Order should direct that Defendants shall reimburse Plaintiff all reasonable expenses and attorney's fees incurred in response to Defendants' discovery failure and that Plaintiff shall be permitted to submit a petition to establish the amount of such fees within thirty (30) days of such Order.

    WHEREFORE, for the foregoing reasons, Plaintiff Doreen Henry, respectfully requests this Court:

    a. Grant Plaintiff's Motion to Compel and for Contempt/Sanctions; and

    b. Deem as admitted each Request for Admission served upon Defendants Mr. Hall and Mrs. Hall, enter all sanctions deemed appropriate for Defendants' failure to answer interrogatories or respond to document requests, and enter judgment against Defendants or permit Plaintiff to file a motion for summary judgment; or in the alternative

    c. Order Defendants Mr. Hall and Mrs. Hall to respond to discovery and produce Answers to Interrogatories, Responses to Requests for Production of Documents, Responses to Requests for Admissions, and all responsive documents within five (5) days of the date of this Order;

    d. Award Plaintiff her reasonable costs and expenses incurred in obtaining the Order, including attorneys' fees; and

    e. Grant such further relief as the Court deems necessary and proper.

## CERTIFICATION

I HEREBY CERTIFY that, pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and L.R. 104.8, undersigned counsel has attempted on multiple occasions to confer with Defendants Mr. Hall and Mrs. Hall to resolve this dispute in good faith. The dates and times of those efforts to resolve this dispute without Court intervention are set forth in the exhibits attached hereto. Unfortunately, the dispute regarding Defendants' complete failure to produce any discovery answers, responses, or responsive documents has not been resolved, and the issues to be addressed by the Court have been itemized above. The undersigned hereby fully incorporates and adopts Paragraphs 1-25 above as if fully set forth herein.

                                                   */s/ Veronica J. Mina*
                                                   Veronica J. Mina (D. Md. Bar No. 30472)
                                                   mina@kaganstern.com

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  June 6, 2024 | */s/ Jonathan P. Kagan*<br>Jonathan P. Kagan (D. Md. Bar No. 23181)<br>kagan@kaganstern.com |
|  | */s/ Michael J. Marinello*<br>Michael J. Marinello (D. Md. Bar No. 18490)<br>marinello@kaganstern.com |
|  | */s/ Veronica J. Mina*<br>Veronica J. Mina (D. Md. Bar No. 30472)<br>mina@kaganstern.com |
|  | KAGAN STERN MARINELLO & BEARD, LLC<br>238 West Street<br>Annapolis, Maryland 21401<br>Phone:       (410) 216-7900<br>Facsimile:  (410) 705-0836 |
|  | *Counsel for Plaintiff Doreen Henry* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF filing system and served via email and first-class mail, postage prepaid, to the following:

>Mr. Terrance Hall
>Mrs. Lisa Hall
>7621 Wilhelm Avenue
>Baltimore, MD 21237
>Email: Ross_c1933@yahoo.com
>
>*Pro-Se Defendants*

>*/s/ Veronica J. Mina*
>Veronica J. Mina (D. Md. Bar No. 30472)