EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **DOREEN HENRY** | * | |
| *Plaintiff*, | * | Case No.: 1:23-cv-01285-ELH |
| v. | * | |
| **TERRANCE HALL,** *ET AL.* | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF DOREEN HENRY'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT LISA HALL**

**TO:**     **LISA HALL, Defendant**

**FROM:**     **DOREEN HENRY, Plaintiff**

Plaintiff, Doreen Henry ("Plaintiff" or "Ms. Henry"), by her attorneys, Jonathan P. Kagan, Michael J. Marinello, Veronica J. Mina, and Kagan Stern Marinello & Beard, LLC, propounds this First Request for Admission of Facts to Defendant Lisa Hall ("Mrs. Hall" or "Defendant"). Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 104, you are required to respond to these Requests for Admissions within thirty (30) days after service of these Requests, and provide to the offices of Kagan Stern Marinello & Beard, LLC, 238 West Street, Annapolis, Maryland 21401.

**INSTRUCTIONS**

(a)     Pursuant to Rule 36(a)(3), each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request, the party to whom the request is directed serves a response signed by the party or the party's attorney.

(b)     Pursuant to Rule 36(a)(4), as to each matter of which an admission is requested, the response shall set forth each request for admission and shall specify an objection, or shall admit

or deny the matter, or shall set forth in detail the reason why the respondent cannot truthfully admit or deny it.

(c) Pursuant to Rules 36(a)(4) and (a)(5), the reasons for any objection shall be stated. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and deny or qualify the remainder.

(d) Pursuant to Rule 36(a)(4), a respondent may not give lack of information or knowledge as a reason for failure to admit or deny unless the respondent states that after reasonable inquiry the information known or readily obtainable by the respondent is insufficient to enable the respondent to admit or deny.

(e) Pursuant to Rule 36(a)(5), a party who considers that a matter of which an admission is requested presents a genuine issue for trial may not, on that ground alone, object to the request but the party may, subject to the provisions of Rule 36(a)(4), deny the matter or set forth reasons for not being able to admit or deny it.

(f) Pursuant to Rule 36(b), any matter admitted under this Rule is conclusively established unless the court, on motion, permits withdrawal or amendment.

## **DEFINITIONS**

1. The term "you," "your" or "Terrance Hall" or "Mr. Hall" refers to the person to whom these interrogatories are directed, and his agents, representatives, attorneys, and anyone purporting to act on his behalf.

2. The term "Lisa Hall" or "Mrs. Hall" refers to Defendant Lisa Hall and all of her agents, representatives, attorneys, and anyone purporting to act on her behalf.

3. The term "Doreen Henry" or "Ms. Henry" refers to Plaintiff Doreen Henry, and all of her agents, representatives, attorneys, and anyone purporting to act on her behalf.

4. The term "Elvira Hall" or "Elvira" or "Decedent" refers to Elvira Hall, and all of her agents, representatives, attorneys, and anyone purporting to act on her behalf.

5. The term "Roger Kerr" or "Mr. Kerr" refers to Elvira's son, Roger Kerr, and all of his agents, representatives, attorneys, and anyone purporting to act on his behalf.

6. The term "Estate Petition" refers to the Regular Estate Petition for Administration of Elvira's Estate through the Register of Wills and Orphans' Court for Baltimore City, Maryland, filed by Terrance Hall, with the assistance of Defendant Lisa Hall, on or about December 13, 2019.

7. The term "Estate of Elvira" or "Elvira's Estate" refers to the Estate of Elvira Hall, Estate No. 193894, with the Register of Wills and Orphans' Court for Baltimore City, Maryland.

8. The term "First and Final Administration Account" refers to the First and Final Administration Account of Terrance P. Hall, Personal Representative for the Estate of Elvira Hall, filed on or about August 14, 2020.

9. The term "7908 Wallace Road" shall refer to real property located at 7908 Wallace Road, Baltimore, Maryland 21222.

10. The term "7621 Wilhelm Ave." shall refer to real property located at 7621 Wilhelm Avenue, Baltimore, Maryland 21237.

11. The terms "this litigation," "this action," and "this lawsuit" shall mean the above-captioned lawsuit, *Doreen Henry v. Terrance Hall, et al.*, Case No. 1:23-cv-01285-SAG, in the United States District Court for the District of Maryland (Northern Division), including all claims and any counterclaims.

## REQUESTS FOR ADMISSION

1. Admit that on or about December 13, 2019, you assisted Terrance Hall in filing the Estate Petition.

2. Admit that on or about August 14, 2020, you assisted Terrance Hall in filing the First and Final Administration Account.

3. Admit that the telephone number on the last page of Exhibit 2 to the Complaint belongs to you.

4. Admit that you signed Terrance Hall's name to the Estate Petition and the First and Final Administration Account.

5. Admit that you previously requested to be appointed, and were subsequently appointed, Personal Representative for the Estate of your late-father, Roy Ross, in Estate No. 110704 in Baltimore City, Maryland.

6. Admit that you previously filed an Estate Petition on behalf of your late-mother, Clara Ross, in Estate No. 193354 in Baltimore County, Maryland.

3

7. Admit that you were aware that Terrance Hall did not list Doreen Henry or Roger Kerr as Interested Parties or Heirs on the Estate Petition or the First and Final Administration Account.

8. Admit that you never communicated to Doreen Henry that Terrance Hall was filing the Estate Petition.

9. Admit that you never communicated to Doreen Henry that Terrance Hall was filing the First and Final Administration Account.

10. Admit that you communicated with Doreen Henry after Terrance Hall filed the Estate Petition and the First and Final Administration Account but did not disclose the filing of the Estate Petition or the First and Final Administration Account.

11. Admit that you did not communicate to Doreen Henry that Terrance Hall received a distribution from the Estate of Elvira on or about September 8, 2020 in the amount of $170,225.83.

12. Admit that after Elvira's death, you communicated to Doreen Henry and/or her immediately family that "Elvira died penniless."

13. Admit that during the time of your filing of the Estate Petition and the First and Final Administration Account, you and your husband, Mr. Hall, resided at 7908 Wallace Road.

14. Admit that after Terrance Hall received the sum of $170,225.83 from the Estate of Elvira, you and your husband, Mr. Hall, purchased real property located at 7621 Wilhelm Avenue for approximately $350,000.00.

15. Admit that part of the funds from the Estate of Elvira were used to purchase the 7621 Wilhelm Avenue property.

16. Admit that all of the funds from the Estate of Elvira were used to purchase the 7621 Wilhelm Avenue property.

17. Admit that you caused your daughter, Isha Hall, to send the text messages attached hereto as Exhibit 1 to Doreen Henry's daughter and granddaughter on or about August 24, 2023.

18. Admit that none of the funds received from the Estate of Elvira have been distributed to Doreen Henry.

19. Admit that none of the funds received from the Estate of Elvira have been distributed to Roger Kerr.

20. Admit that Doreen Henry is owed a distribution from the Estate of Elvira in the amount of $56,741.94.

Dated: March 26, 2024                     Respectfully submitted,

*/s/ Jonathan P. Kagan*
Jonathan P. Kagan (D. Md. Bar No. 23181)
kagan@kaganstern.com

*/s/ Veronica J. Mina*
Veronica J. Mina (D. Md. Bar No. 30472)
mina@kaganstern.com

*/s/ Michael J. Marinello*
Michael J. Marinello (D. Md. Bar No. 18490)
marinello@kaganstern.com

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
Phone:       (410) 216-7900
Facsimile:   (410) 705-0836

*Counsel for Plaintiff*
*Doreen Henry*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2024, a copy of the foregoing was served via first-class mail, postage prepaid, to the following:

>Mr. Terrance Hall
>Mrs. Lisa Hall
>7621 Wilhelm Avenue
>Baltimore, MD 21237
>
>*Pro-Se Defendants*

>*/s/ Jonathan P. Kagan*
>Jonathan P. Kagan (D. Md. Bar No. 23181)