IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **DOREEN HENRY,** *et al.* | * | |
| *Plaintiffs*, | * | |
| | | Case No.: 1:23-cv-01285-SAG |
| v. | * | |
| **TERRANCE HALL,** *et al.* | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

Plaintiffs Doreen Henry ("Ms. Henry") and Roger Kerr ("Mr. Kerr") (collectively, "Plaintiffs"), by and through their undersigned counsel and pursuant to Rule 54 of the Federal Rules of Civil Procedure, L.R. 109.2, and Appendix B of the Local Rules, hereby file this Petition for Attorneys' Fees ("Petition for Fees") pursuant to this Court's Default Judgment Order entered July 10, 2024 (ECF No. 39) for an award of their reasonable attorneys' fees and costs in obtaining, enforcing, and collecting on the Default Judgment. In support thereof, Plaintiffs state as follows:

**I.      BACKGROUND**

This action arises out of Defendants Terrance Hall's ("Mr. Hall") and Lisa Hall's ("Mrs. Hall") (collectively, "Defendants") fraudulent conduct in falsely reporting to the Register of Wills and Orphans' Court for Baltimore City, Maryland that Mr. Hall was the only son and heir of Elvira Hall ("Elvira"), the decedent, despite obviously knowing of his own two siblings (Plaintiffs Ms. Henry and Mr. Kerr, both of whom were direct lineal descendants of Elvira). Mr. Hall submitted an Estate Petition with the assistance and encouragement of Mrs. Hall and, as a result, received

the entire sum of Elvira's Estate in the amount of $170,225,83 on or about September 3, 2020, which he never thereafter disclosed to Plaintiff Ms. Henry or Mr. Kerr.

As a result of Defendants' misconduct, on or about May 16, 2023, Ms. Henry filed a five-count Complaint against Defendants Mr. Hall and Mrs. Hall alleging Count I: Fraud (Against All Defendants); Count II: Constructive Trust (Against All Defendants); Count III: Breach of Fiduciary Duty (Against Defendant Terrance Hall); Count IV: Civil Conspiracy (Against All Defendants); and Count V: Aiding and Abetting (Against Defendant Lisa Hall).  ECF No. 1.  On or about June 20, 2024, the Court granted Ms. Henry's Motion to Amend the Complaint to Add a Necessary Party, *i.e.*, Roger Kerr.  ECF No. 34.

After Ms. Henry filed her Complaint, the Defendants obtained an attorney to file an Answer.  ECF No. 8. Thereafter, Defendants' attorney withdrew his appearance, explaining, *inter alia*, that he had "articulable concerns that the Defendants are not being truthful with [their] attorneys." ECF No. 18.  The Court granted the Motion to Withdraw on October 30, 2023 (ECF No. 22), and then stayed the case for thirty (30) days to allow the Defendants to obtain new counsel, which they did not do. Ultimately, a Scheduling Order (ECF No. 28) was issued and, thereafter, Ms. Henry issued Interrogatories, Requests for Production of Documents, and Requests for Admissions by first-class mail to the Defendants and noted their depositions after providing Defendants with an ample extension to provide their discovery.

To say that trying to obtain Defendants' discovery (or attention to this case) was similar to pulling teeth would be an understatement.  Plaintiffs were met with constant excuses, delays, and apathy towards the production of Defendants' discovery and, ultimately, towards this case. Notably, Defendants' at one point consented to providing their discovery by May 27, 2024 and having their depositions take place on June 18, 2024 (ECF No. 29), which this Court included in

2

its Order on the Consent Motion.  ECF No. 31.  Despite a Court Order compelling Defendants' compliance with the discovery process, the Defendants brazenly ignored the Order and decided *sua sponte*, that because they disliked the fact that Plaintiff filed a Motion for Leave to file an Amended Complaint to add Mr. Kerr as a Plaintiff, that they would not respond to discovery and seek—*nearly seven (7) months after this Court stayed this case for an additional 30 days to provide them with an ample opportunity to retain counsel*—to "obtain an attorney to represent us in this matter for all fairness[.]"  Defendants' gamesmanship continued even to the point of failing to appear for a Motions Hearing on Plaintiffs' subsequent Motion to Compel and for Contempt/Sanctions against Defendants.  ECF Nos. 32, 33.

Ultimately, after failing to appear at the Motions Hearing on June 20, 2024, this Court provided Defendants with one last opportunity to participate in this case.  The Court issued a Show Cause Order on June 20, 2024, which provided the Defendants with 15 days to show cause why a default judgment against them should not be entered.  ECF No. 37.  Once again, the Defendants failed to timely respond. As a result, a Default Judgment was issued against Defendants on July 10, 2024.  ECF No. 39.

The Default Judgment Order entered judgment by default against Defendant Mr. Hall on Count I (Fraud), Count II (Constructive Trust), Count III (Breach of Fiduciary Duty), and Count IV (Civil Conspiracy).  *Id.*  The Order also entered judgment by default against Defendant Mrs. Hall on Count I (Fraud), Count II (Constructive Trust), and Count IV (Civil Conspiracy).  *Id.*  As the prevailing party in the above-captioned action and in support of its efforts in obtaining the Default Judgment, Plaintiffs requested an award of its reasonable attorneys' fees and costs.  As a result, the Default Judgment Order provided that the "Defendants Terrance Hall and Lisa Hall shall reimburse Plaintiff[s] all reasonable expenses and attorneys' fees incurred in response to

Defendants' discovery failures and Plaintiffs' efforts in obtaining judgment by Default against Defendants and that Plaintiffs may file, within fifteen (15) days of this Order, a petition to establish the amount of such fees accordingly." *Id.*

Since April 29, 2024, when the Defendants failed to initially provide their Answers to Interrogatories, Responses to Requests for Production of Documents, Responses to Requests for Admissions, and document production, Plaintiffs have incurred approximately $7,965.00 in attorneys' fees and approximately $40.09 in costs/expenses. *See* **Exhibit 1** (Affidavit of V. Mina); **Exhibit 2** (Invoice Ledger of Time Entries and Expenses/Costs by Kagan Stern Marinello & Beard, LLC). Thus, Plaintiffs are requesting that the Court award $7,965.00 in attorneys' fees and $40.09 in costs/expenses incurred, for a total of $8,005.09. Moreover, given that collection efforts are currently in progress, Plaintiffs will continue to incur attorneys' fees and expenses beyond the filing of this Petition. As a result, Plaintiffs intend to file a supplement to this Petition for fees at the appropriate time and for such award to be reduced to a judgment in favor of Plaintiffs and against the Defendants.

## II.     ARGUMENT

### A.     Basis for Plaintiffs' Fee Request.

This Court has explained the calculation of a reasonable fee award, known as the lodestar award, as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve *Lodestar* factors elucidated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.1978): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the

4

> customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See Sutton v. Smith*, Civil Action No. AW-98-2111, 2001 U.S. Dist. LEXIS 9011, at *2-3 (D. Md. June 26, 2001) (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) and citing, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley*, 461 U.S. at 434 n.9. "When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). "[A] court does not need to evaluate each factor separately, and it need not necessarily hold an evidentiary hearing to determine an appropriate award." *Ochse v. Henry*, 216 Md. App. 439, 457-58 (2014) (quotations and citations omitted) (noting that the "factors considered under the lodestar and Rule 1.5 [of the Maryland Lawyers' Rule of Professional Conduct] are similar").

    B.    <u>The Lodestar factors support Plaintiffs' claim for attorneys' fees and costs.</u>

        1.    *<u>Time and Labor Required</u>*.

Counsel for Plaintiffs devoted significant time and effort pursuing their claims in this matter from its inception through the award of the Default Judgment on July 10, 2024. Since Defendants' failure to provide discovery on or before April 29, 2024, counsel for Plaintiffs has devoted approximately 25.3 hours of work in obtaining Defendants' discovery, taking their depositions, and, ultimately, pursuing and obtaining the Default Judgment against Defendants and

drafting the instant Petition for Fees. All time entries indicating the tasks performed and the time involved with each task is reflected in the attached invoice/ledger. *See* Ex. 2. Most of the hours were incurred by one associate (Veronica J. Mina) and, on occasion, by one partner (Michael J. Marinello). *See* Exs. 1, 2. Although managing partner Jonathan P. Kagan also provided oversight in this matter, he applied billing judgment and did not charge for any of his time during the applicable period. Plaintiffs' counsel charged hourly rates within the customary range of those with similar experience in the legal community in the Anne Arundel County area.

The number of hours worked was necessary due to Defendants' constant efforts of evading any participation or responsibility in this case, such as Defendants' discovery failures, disobeyance of Court orders, and absence from court hearings. Also contributing to the reasonable amount of time incurred was Plaintiffs' time and effort in preparing, filing, and ultimately obtaining the Judgment by Default and their subsequent efforts to garnish and collect on such Judgment. The work performed was reasonable and necessary and, where possible, was delegated to associates and legal assistants to mitigate costs.

> 2.   *The Novelty and Difficulty of the Questions*.

Although this case did not present particularly novel or difficult questions of law, it had its own particular challenges. Plaintiff had the burden of proving that Defendants fraudulently received the distribution from the Estate of Elvira by intentionally failing to disclose Mr. Hall's two half-siblings, Ms. Henry and Mr. Kerr, on the Estate Petition. Plaintiffs also had to demonstrate that Defendant Mrs. Hall actively facilitated, encouraged, planned, schemed, and otherwise aided and abetted her husband, Defendant Mr. Hall, in his fraudulent conduct before the Orphan's Court, the Estate of Elvira, and Plaintiffs. For this reason, this case was fact intensive and still took significant time and effort to obtain a favorable outcome for Plaintiffs, as Defendants

took pains to attempt to withhold and delay the production of any discovery answers, responses, and documents at every stage possible. Plaintiffs, therefore, had to vigorously pursue discovery from Defendants and the ultimate Default Judgment when Defendants were not forthcoming with their discovery or participating in any capacity in this case.

        3.       <u>*The Skill Required to Perform the Legal Services Rendered*</u>.

This case clearly required the expertise of attorneys who were experienced in complex estate and civil litigation disputes. As discussed more fully below, Plaintiffs' counsel are experienced litigators, and the pleadings and arguments presented throughout the litigation exhibited significant knowledge and understanding of the applicable law. Moreover, given the obstinance of the Defendants at every stage of the litigation, moving the case forward was particularly challenging, and required skilled and experienced attorneys to not only attempt to obtain Defendants' compliance with the rules, but to obtain an ultimate award and Default Judgment against the Defendants.

        4.       <u>*The Attorney's Opportunity Costs in Pressing the instant Litigation.*</u>

While taking this case did not necessarily preclude counsel of record from other work altogether, this case and post-judgment efforts were nonetheless made more time consuming than necessary due to the Defendants' dilatory tactics, apathy, and failures at nearly every stage of this case. Undersigned counsel maintained an active caseload and had substantial opportunities to apply their efforts in other cases. Counsel, however, had to devote a number of hours above and beyond anticipated in pursuit of its claims against the Defendants and in the subsequent pursuit of a judgment and collection thereof against the Defendants.

      5.      <u>*The Customary Fee for Similar Legal Services*</u>.

Counsel for Plaintiffs' fees are well within the range charged by similarly situated firms in the Anne Arundel County area and, particularly, in Annapolis. Further, counsels' fees are reasonable in light of the experience, skills, and familiarity with the issues presented. *See* Ex. 1. The Partners who managed this case for Plaintiff have been practicing law since 1994 (Jonathan P. Kagan) and 2006 (Michael J. Marinello) after both graduating from the University of Maryland Francis King Carey School of Law. Both Partners typically charge $400.00 - $425.00 per hour in non-contingency cases. Moreover, Associate Veronica J. Mina has been practicing law since 2022 after graduating from the University of Maryland Francis King Carey School of Law in 2021 and clerking thereafter. Her hourly rate of $300.00 per hour is customary and similar to those rates typically charged by attorneys in the Annapolis/Anne Arundel County area with comparable amounts of experience.

      6.      <u>*The Attorneys' Expectations at the Outset of the Litigation*</u>.

Counsel for Plaintiffs had reasonable expectations to believe that Defendants Mr. and Mrs. Hall would contest and vehemently dispute, at the very least, Mrs. Hall's involvement in Mr. Hall's completion and filing of the Estate Petition of Elvira. Although it was clear that Mr. Hall intentionally omitted his half-siblings (the Plaintiffs) from the Estate Petition by listing himself as Elvira's "son and only heir," it was nevertheless anticipated that he would dispute the reasons under which he believed such representation to be – in his mind – accurate. Ultimately, the case took a course of a different challenge, that being Defendants' evasion and apathy towards this case and their resulting failures to provide discovery, comply with Court orders, and appear for court hearings. As a result, counsel for Plaintiffs continued to exert significant time and effort to gain

Defendants' participation, their compliance with Court orders, and ultimately, to obtain the Default Judgment against Defendants.

       7.     *Any Time Limitations Imposed by the Client or by the Circumstances*.

This matter had the normal concerns in any federal-level litigation, particularly in the United States District Court for the District of Maryland, which is known for adherence to dates established in the Scheduling Order and compliance with Court Orders generally. The circumstances in this case, however, imposed greater time limitation concerns as Defendants' continued efforts to delay responding to discovery and this Court's Show Cause Order made the case and the Scheduling Order's deadlines infinitely more challenging. Even now, efforts to collect on the Judgment entered into by default have become increasingly difficult in light of his ever-evolving excuses and silence of the Defendants.

       8.     *The Amount Involved and the Results Obtained*.

Counsel in this matter obtained a judgment by default in favor of Plaintiffs and against both Defendants in the amount of $114,483.90—the full amount of the award sought by Plaintiffs for their 1/3 share of the distribution from the Estate of Elvira, which Defendants completely received on or about September 8, 2020. Further, the default judgment included pre-judgment interest from September 9, 2020 (the date of the Order of the Register of Wills and Orphans' Court approving distribution of the Estate of Elvira Hall), post-judgment interest, and the costs of this action. Thus, Plaintiffs achieved a substantial victory in this case.

       9.     *The Experience, Reputation, and Ability of the Attorneys*.

Jonathan P. Kagan and Michael J. Marinello are the lead litigation Partners on this case. Jonathan P. Kagan is a licensed, practicing attorney in the State of Maryland, and has been engaged in the active practice of complex estate and civil litigation for nearly 30 years. Mr. Marinello is

also a licensed, practicing attorney in the State of Maryland, and has been engaged in the active practice of complex estate and civil litigation for nearly 20 years. Michael J. Marinello, who was also a graduate from the U.S. Naval Academy in 1999 and previously practiced as a Judge Advocate General (JAG) for a number of years, is admitted to practice in the State and Federal courts in Maryland, the District of Columbia, the U.S. Court of Appeals for the 4th Circuit, the U.S. Court of Federal Claims, and the U.S. Supreme Court.  Mr. Kagan and Mr. Marinello have significant experience dealing with high-stakes estate disputes and complex civil litigation matters. Veronica J. Mina is the lead associate in this case. Ms. Mina is a licensed, practicing attorney in the State and Federal courts in Maryland and the District of Columbia, and has been engaged in the active practice of law since 2021.  In her time in the active practice of law, she has worked on dozens of high-stakes estate disputes and complex civil/commercial litigation matters and achieved favorable results. Collectively, between Mr. Kagan, Mr. Marinello, and Ms. Mina, the experience, reputation and ability of the attorneys involved is exceptional, as demonstrated by the exceptional results achieved in this case.

### III.     CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Petition for Fees and award Plaintiffs $7,965.00 in attorneys' fees and $40.09 in costs/expenses, for a total of $8,005.09, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date:  July 22, 2024                    */s/ Jonathan P. Kagan*
                                         Jonathan P. Kagan (D. Md. Bar No. 23181)
                                         kagan@kaganstern.com

        */s/ Michael J. Marinello*
        Michael J. Marinello (D. Md. Bar No. 18490)
        marinello@kaganstern.com

        */s/ Veronica J. Mina*
        Veronica J. Mina (D. Md. Bar No. 30472)
        mina@kaganstern.com

        KAGAN STERN MARINELLO & BEARD, LLC
        238 West Street
        Annapolis, Maryland 21401
        Phone:     (410) 216-7900
        Facsimile:  (410) 705-0836

        *Counsel for Plaintiff*
        *Doreen Henry*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF filing system and served via first-class mail, postage prepaid, to the following:

        Mr. Terrance Hall
        Mrs. Lisa Hall
        7621 Wilhelm Avenue
        Baltimore, MD 21237
        Email: Ross_c1933@yahoo.com

        *Pro-Se Defendants*

        */s/ Veronica J. Mina*
        Veronica J. Mina (D. Md. Bar No. 30472)